UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR ABILIO VELASQUEZ MENDOZA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No.  1:26-cv-00167 DC CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing violates the Fifth Amendment.  (Id.)  For the following reasons, this Court recommends that the petition be granted.

On January 12, 2026, petitioner filed a motion for a temporary restraining order.  (ECF No. 2.)  On January 12, 2026, the district court ordered respondents to file a response to the motion for a temporary restraining order addressing whether any provision of law or fact would distinguish this action from the district court's decisions in Selis Tinoco v. Noem, et al., 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) and D.L.C. v. Woodford, et al., 1:25-cv-01995 DC JDP, Doc. No. 12 (E.D. Cal. Jan. 5, 2026), and other similar cases decided by the court or indicate that the matter is not substantively distinguishable.  (ECF No. 4.)  On January 14, 2026, respondents filed

1

an opposition to the motion for a temporary restraining order.  (ECF No. 6.)  In the opposition, respondents acknowledged that the issues raised in the instant action are not substantively distinguishable from the district court's prior precedent in Selis Tinoco, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) and Labrador-Prato v. Noem, et al., 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025).  (ECF No. 6.)  On January 15, 2026, petitioner filed a reply to respondents' opposition (ECF No. 7.)  On January 15, 2026, the district court granted petitioner's motion for a temporary restraining order pursuant to the court's reasoning in Labrador-Prato, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) and Selis Tinoco, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025).  (ECF No. 8.) In addition to granting petitioner's immediate release, the district court (1) ordered that respondents shall not impose any additional restrictions on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and (2) ordered that if the Government seeks to re-detain petitioner, it must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which petitioner's eligibility for bond must be considered.  (Id.)  Finally, the district court ordered respondents to show cause why a preliminary injunction should not issue on the same terms as the court's order granting the motion for a temporary restraining order.  (Id.)

On January 23, 2026 and January 24, 2026, respondents and petitioner respectively filed responses to the district court's January 15, 2026 order.  (ECF Nos. 9, 10.)  Respondents and petitioner requested that the court rule on the request for a preliminary injunction and the substantive habeas petition based on the filings already submitted by the parties.  (ECF Nos. 9, 10.)  On January 26, 2026, the district court issued a preliminary injunction on the same terms as the temporary restraining order and referred this action to the assigned Magistrate Judge for all further proceedings.  (ECF No. 11.)  Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and request for a preliminary injunction, this Court accordingly recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights (claim one).  See Labrador-Prato, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025);

2

Selis Tinoco, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025).  This Court further recommends that a permanent injunction be issued on the same terms as the preliminary injunction.  Because the resolution of the first claim provides the relief requested, the Court need not reach the second claim.

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  A permanent injunction be issued ordering that respondents shall not impose any additional restrictions on petitioner, such as electronic monitoring, unless it is determined to be necessary at a future pre-deprivation/custody hearing; and if respondents seek to re-detain petitioner, respondents must provide no less than 7 days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which petitioner's eligibility for bond must be considered.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mend167.157/2

3