UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ABILIO VELASQUEZ MENDOZA,<br><br>            Petitioner,<br><br>     v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>            Respondents. | No.  1:26-cv-00167-DC-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 10, 12) |

    Petitioner, an immigration detainee represented by counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 9, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 12.  Respondents filed objections, merely stating that they object "[f]or the reasons set forth in the Respondents's [sic] opposition to the motion for temporary restraining order." ECF No. 13.  However, those arguments were addressed and rejected by the undersigned in this case and other cases.  *See* ECF No. 8.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the

government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 12) are ADOPTED in full;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. A permanent injunction is hereby issued ordering that Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless it is determined to be necessary at a future pre-deprivation/custody hearing; and if respondents seek to re-detain Petitioner, Respondents must provide no less than 7 days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered;

4. The pending request for entry of judgment (ECF No. 10) is DENIED as having been rendered moot by this order; and

/////

/////

/////

    4.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __**February 23, 2026**__

                                    Dena Coggins
                                    United States District Judge